*JUDICIAL PANEL ON*
*MULTIDISTRICT LITIGATION*
*FILED*

*DOCKET NO. 912*

FEB 19 92

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CLERK OF THE PANEL

## IN RE RECOMBINANT DNA TECHNOLOGY PATENT AND CONTRACT LITIGATION

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,* MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation consists of five actions listed on the attached Schedule A and pending in two districts as follows: three actions in the Southern District of Indiana and two actions in the Northern District of California. Genentech, Inc. (Genentech), a party to four of the five actions, moves the Panel, pursuant to 28 U.S.C. §1407, for an order centralizing the five actions in the Central District of California for coordinated or consolidated pretrial proceedings. Eli Lilly and Co. (Lilly), a party to all five actions, supports centralization but only in the Southern District of Indiana. The University of California (UC), the plaintiff in the California actions and the only other party in this docket, opposes any Section 1407 centralization.

On the basis of the papers filed and the hearing held, the Panel finds that the five actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions stem from the involvement of UC, Genentech and Lilly in the scientific breakthroughs of the late 1970's involving recombinant DNA technology. UC and Genentech acquired patents relating to the technology, and agreements were executed concerning rights to various aspects of the technology. Eventually disputes erupted over the validity of patents and/or the terms of agreements, and this litigation ensued. The five actions now before the Panel are not identical in scope and share no common legal claim. Each action, however, will require an understanding of the complex nature of recombinant DNA technology and, either as a result of claims, counterclaims, third-party claims or defenses, will present factual questions that overlap with the other actions in this docket. Thus, for example, Genentech has identified 35 depositions common to all five actions, issues of patent validity pertaining to three patents that will be present in all actions, and a contractual settlement agreement whose interpretation will be involved in all actions. Centralization under Section 1407 is thus necessary in order to eliminate

---

*Judges Dillin and Pollack recused themselves and took no part in the decision of this matter. Judge Woodward also took no part in the decision of this matter.

- 2 -

duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

UC has objected that Section 1407 centralization would be economically burdensome, that unique issues are present in the California actions, that centralization would delay resolution of UC's claims, and that voluntary cooperation is a suitable alternative to transfer. We find that these are not grounds for denying transfer. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.M.L., 120 F.R.D. 251, 259-61 (1988).

While either of the two suggested transferee districts could be considered an appropriate transferee forum for this litigation, we are persuaded that the Southern District of Indiana is the preferable forum. In selecting this forum, we reject Genentech's suggestion that Section 1407 proceedings would advance at a faster pace in the California forum, and we note that: 1) the broader based and earliest filed actions are pending in the Southern District of Indiana; 2) the Indiana court has developed a familiarity with the issues in this litigation; 3) Indiana is a centrally located forum for witnesses located throughout the world and for counsel located on both coasts of the United States; and 4) many relevant documents and witnesses are likely to be found at Lilly's headquarters located in the Indiana district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Indiana be, and the same hereby are, transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable S. Hugh Dillin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman

## *SCHEDULE A*

### *MDL-912 -- In re Recombinant DNA Technology Patent and Contract Litigation*

#### Southern District of Indiana

*Eli Lilly and Co. v. Genentech, Inc.,*
    C.A. No. 87-219-C
*Genentech, Inc. v. Eli Lilly and Co.,*
    C.A. No. 88-1463-C
*Genentech, Inc. v. Eli Lilly and Co. and the Regents of the University of California,* C.A. No. 90-1697-C

#### Northern District of California

*Regents of the University of California v. Genentech, Inc.,*
    C.A. No. C90-2232
*Regents of the University of California v. Eli Lilly and Co.,*
    C.A. No. C90-0373

*DOCKET NO. 912*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 2 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

*IN RE RECOMBINANT DNA TECHNOLOGY PATENT AND CONTRACT LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,* MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

## CORRECTION ORDER

The transfer order filed in this docket on February 19, 1992, is hereby corrected as follows: the first word on the fifth line of paragraph one on page one is changed from "Central" to "Northern".

FOR THE PANEL:

John F. Nangle
Chairman

---

*Judges Dillin and Pollack recused themselves and took no part in the decision of this matter. Judge Woodward also took no part in the decision of this matter.



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT - 1 1993

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 912

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE RECOMBINANT DNA TECHNOLOGY PATENT AND CONTRACT LITIGATION

*Genentech, Inc. v Eli Lilly & Co.*, N.D. California, C.A. No. 3:93-2348

### BEFORE JOHN F. NANGLE, CHAIRMAN, MILTON POLLACK, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JR., JOHN F. GRADY AND BAREFOOT SANDERS, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 147 F.R.D. 589, 596 (1993), by Genentech, Inc., the plaintiff in the above-captioned action (*Genentech*), seeking to vacate the Panel's order conditionally transferring *Genentech* to the Southern District of Indiana for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable S. Hugh Dillin.  Defendant Eli Lilly & Co. supports transfer of *Genentech*.

On the basis of the papers filed and the hearing held, the Panel finds that *Genentech* involves common questions of fact with actions in this litigation previously transferred to the Southern District of Indiana, and that transfer of *Genentech* to the Indiana district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The Panel further finds that transfer of *Genentech* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel concluded that the Southern District of Indiana was the proper Section 1407 forum for actions stemming from the involvement of the *Genentech* parties and/or the University of California in licensing and/or patent disputes involving recombinant DNA technology.   *See In Re Recombinant DNA Technology Patent and Contract Litigation*, MDL-912 (J.P.M.L. Feb. 19, 1992).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Genentech Inc., v. Eli Lilly & Co.*, S.D. Indiana, C.A. No. 3:93-2348, be, and the same hereby is, transferred to the Southern District of Indiana and, with the consent of that court, assigned

- 2 -

to the Honorable S. Hugh Dillin for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

**JAN 30  97**

## DOCKET NO. 912

PATRICIA D. HOWARD
CLERK OF THE PANEL

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE RECOMBINANT DNA TECHNOLOGY PATENT AND CONTRACT LITIGATION*

*Regents of the University of California v. Genentech, Inc.*, S.D. Indiana, C.A. No. 1:92-223
(N.D. California, C.A. No. 3:90-2232)

## *BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER,\* JOHN F. GRADY, BAREFOOT SANDERS,\* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

### *REMAND ORDER*

Before the Panel is a motion, pursuant to Rule 14(f), R.P.J.P.M.L., 147 F.R.D. 589, 598-99 (1993), by defendant Genentech, Inc., in the above-captioned action (*Regents*) to vacate the Panel's order conditionally remanding *Regents* to the Northern District of California from the Southern District of Indiana. Plaintiff in *Regents* opposes the motion and supports remand.

On the basis of the papers filed and the hearing held, the Panel finds that remand of *Regents* is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [14(c)], R.P.J.P.M.L., [147] F.R.D. [589, 597-98 (1993)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407

---

\*Judges Brimmer and Sanders took no part in the decision of this matter.

- 2 -

to have ended.  *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*,
386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L.
1977).  In the matter now before us, the transferee judge has advised the Panel that he believes
his task as Section 1407 transferee judge has been completed in this docket, and he has
suggested that remand of *Regents*, the only remaining MDL-912 action, be effected.  We adopt
his suggestion and order remand of *Regents*.  The few remaining pretrial matters raised by
Genentech as grounds for denying remand at this time are not sufficient to preclude remand in
the face of the transferee judge's recommendation.  We note that such matters can be presented
to the transferor court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled
*Regents of the University of California v. Genentech, Inc.*, S.D. Indiana, C.A. No. 1:92-223
(formerly N.D. California, C.A. No. 3:90-2232), be, and the same hereby is, remanded from
the Southern District of Indiana to the Northern District of California.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*